**Electronically Filed
Intermediate Court of Appeals
29779
21-FEB-2013
09:56 AM**

NO. 29779

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GENYA SCROGGIN and DAVID JAMES SCROGGIN, Plaintiffs-Appellants,
v. MANDARIN ORIENTAL MANAGEMENT (USA) INC. dba
KAHALA MANDARIN ORIENTAL HAWAII, Defendant-Appellee,
and JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10, and DOE ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-0110)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Plaintiffs-Appellants Genya Scroggin and David Scroggin (collectively **"the Scroggins"**) appeal from the Amended Judgment filed in the Circuit Court of the First Circuit (**Circuit Court**), on April 15, 2009, in favor of Defendant-Appellee Mandarin Oriental Management (USA) Inc. dba Kahala Mandarin Oriental Hawaii (the **Mandarin**), against the Scroggins.[1]

The Scroggins raise four points of error on appeal:

(1) The jury verdict was incomplete because the Circuit Court failed to instruct the jury on strict liability and because the Special Verdict Form erroneously instructed the jury to stop deliberating if the jury found Mandarin was not negligent;

---

[1] The Honorable Victoria S. Marks presided.

(2) The trial court's refusal to take judicial notice of the regulations governing restaurants prevented the jury from considering the appropriate standards of care;

(3) Inadmissible character evidence was admitted against the Scroggins causing extreme prejudice, confusion of the issues, and creating the risk that the jury would "punish" the Scroggins; and

(4) The Circuit Court erroneously prohibited the Scroggins from admitting photographs of Mrs. Scroggins injuries and from showing properly authenticated photographs to the jury.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Scroggins' points of error as follows:

(1) The Scroggins filed a four-page, three-count, complaint stemming from purported injuries allegedly suffered after eating certain food (later identified as chicken wings) at the Mandarin. Two of the three counts were based on "strict liability" and the third count asserted a claim based on negligence. No counts were dismissed or otherwise disposed of prior to the jury trial that was conducted in February of 2009. As plaintiffs' counsel had withdrawn and/or was fired by the Scroggins, the Scroggins were self-represented at trial.

Although mindful that this court's ability to address plain error is to be exercised sparingly (see Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002)), we must conclude that the Circuit Court plainly erred in failing to provide the jury with any instruction whatsoever concerning the Scroggins' strict liability claims.

The Scroggins did not propose any jury instructions or additions to the special verdict form, and did not raise an objection to the Circuit Court's omission of instructions or interrogatories concerning strict liability. Instead, when asked

if the special verdict form was acceptable, Mr. Scroggin informed the court, "[w]e're going with whatever the Court recommends on these items."

We are mindful, however, that the "function served by jury instructions is to inform the jury of the law applicable to the current case." Tittle v. Hurlbutt, 53 Haw. 526, 530, 497 P.2d 1354, 1357 (1972). It has been often stated that "[t]he boundaries of the trial judge's discretion in performing this function are defined by the obligation to give sufficient instructions and the opposing imperative against cumulative instructions." See id. "[E]ven the complete failure to object to a jury instruction does not prevent an appellate court from taking cognizance of the trial court's error if the error is plain and may result in a miscarriage of justice." Montalvo v. Lapez, 77 Hawai'i 282, 288, 884 P.2d 345, 351 (1994) (quoting Turner v. Willis, 59 Haw. 319, 324, 582 P.2d 710, 714 (1978)). Similarly, trial courts are vested with "complete discretion" in determining the use and form of interrogatories to the jury, "provided that the questions asked are adequate to obtain a jury determination of all factual issues essential to judgment." Id. at 292, 884 P.2d at 355 (citations and internal quotation marks omitted). Plain error may be noticed as follows:

> In civil cases, the plain error rule is only invoked when 'justice so requires.' We have taken three factors into account in deciding whether our discretionary power to notice plain error ought to be exercised in civil cases: (1) whether consideration of the issue not raised at trial requires additional facts; (2) whether its resolution will affect the integrity of the trial court's findings of fact; and (3) whether the issue is of great public import.

Id. at 290, 884 P.2d at 353 (citations omitted).

The first factor in considering whether to address plain error "is based on the tenet that an appellate court should not review an issue based upon an undeveloped factual record." Id. at 290-91, 884 P.2d at 353-54. Here, the Scroggins raised the strict liability claim in their complaint. Under the

3

circumstances of this case, we reject the assertion that the Scroggins knowingly and voluntarily waived this claim by failing to object to the court's instructions on the applicable law. Although not particularly well articulated, the Scroggins' arguments at trial could be viewed as arguing in favor of the application of a strict liability theory, had the jury been instructed on the law. While there was substantial lay and expert testimony to the contrary, the Scroggins presented circumstantial evidence from which it was possible for a reasonable jury to logically infer that the allegedly tainted, and therefore dangerously defective, chicken wings caused the purported injury to Mrs. Scroggin. See Acoba v. Gen. Tire, Inc., 92 Hawai'i 1, 17, 986 P.2d 288, 304 (1999) (citing Wagatsuma v. Patch, 10 Haw. App. 547, 566, 879 P.2d 572, 584 (1994)) (proof of defect and causation may be provided either by expert testimony or by circumstantial evidence); see also Am. Broad. Co., Inc. v. Kenai Air of Haw., Inc., 67 Haw. 219, 227, 686 P.2d 1, 6 (1984) (citing Stewart v. Budget Rent-A-Car Corp., 52 Haw. 71, 77, 470 P.2d 240, 244 (1970)).

In this case, like in Montalvo, the error "affects the integrity of the jury's findings" because "[o]nce all the evidence has been presented, it becomes the court's fundamental duty to properly instruct the jury on the law on the precise issues of fact it is to decide." See Montalvo, 77 Hawai'i at 291, 884 P.2d at 354. Here, the Circuit Court failed to instruct the jury on the law concerning strict liability, a legal concept that is unfamiliar to most non-lawyers. See id.

Regarding the third factor, the supreme court has deemed preserving the integrity of our jury system to be of great public import. Id. The complete failure to instruct the jury on the Scroggins' strict liability claims, which had not been dismissed, totally eliminated the jury's role as the trier-of-fact, without otherwise properly disposing of the claims, and

4

thus threatened the integrity of the jury system.  See id. at 291-92; 884 P.2d at 354-55.

Thus, we conclude that it was plain and reversible error for the Circuit Court not to provide any instructions to the jury on strict liability.

With regard to the *negligence* count, the special verdict form correctly directed the jury to consider the question of Mandarin's negligence.  Once the jury found that Mandarin was *not* negligent, it was unnecessary for them to deliberate any further on the issue.  See, e.g., Hubbell v. Iseke, 6 Haw. App. 485, 487-88, 727 P.2d 1131, 1132-33 (finding a nearly identical special verdict form for a claim of negligence to be sufficient).  As such, the Circuit Court did not abuse its discretion in utilizing the special verdict form.

(2)  Hawaiʻi Rules of Evidence (**HRE**) Rule 202(b) and (c), governing the judicial notice of law, states:

> (b) Mandatory judicial notice of law. The court shall take judicial notice of (1) the common law, (2) the constitutions and statutes of the United States and of every state, territory, and other jurisdiction of the United States, (3) all rules adopted by the United States Supreme Court or by the Hawaii Supreme Court, and (4) all duly enacted ordinances of cities or counties of this State.
> (c) Optional judicial notice of law. Upon reasonable notice to adverse parties, a party may request that the court take, and the court may take, judicial notice of (1) all duly adopted federal and state rules of court, (2) all duly published regulations of federal and state agencies, (3) all duly enacted ordinances of municipalities or other governmental subdivisions of other states, (4) any matter of law which would fall within the scope of this subsection or subsection (b) of this rule but for the fact that it has been replaced, superseded, or otherwise rendered no longer in force, and (5) the laws of foreign countries, international law, and maritime law.

HRE Rule 202 (b), (c) (1993) (emphasis added).

At trial, the Scroggins attempted to admit the "rules and regulations for restaurants in the State of Hawaiʻi," apparently referring to Hawaiʻi Administrative Rules (**HAR**) chapter 11-22 (Supp. 2007), into evidence.  The DOH issued regulations governing food establishment sanitation in HAR

chapter 11-12. Judicial notice of HAR chapter 11-12 is governed by HRE Rule 202(c) as "duly published regulations of . . . state agencies," thus optional, upon reasonable notice to adverse parties. See HRE Rule 202(c). Here, despite repeated reminders, the Scroggins failed to submit any exhibits to the Circuit Court before the pre-trial submission deadline. Instead, in the midst of trial, without prior notice to the Mandarin, the Scroggins attempted to offer the regulations as an exhibit. Under the circumstances of this case, we reject the contention that the Circuit Court's refusal to take judicial notice resulted in an unfair trial. Among other things, the concept that a restaurant has a duty to provide food that is safe for human consumption is not of such a technical nature that lay persons are unable, without reference to regulations, to apply the applicable standard of care. The Circuit Court did not abuse its discretion when it denied admission of the regulations into evidence.

(3) HRE Rule 404 provides that character evidence is not admissible for the purpose of proving action in conformity therewith on a particular occasion. However, HRE Rule 404(a)(3) allows "[e]vidence of the character of a witness, as provided in rules 607, 608, 609, and 609.1."[2] In addition, character evidence is admissible for other purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident." HRE Rule 404(b).

At a pre-trial hearing, held on February 19, 2009, the Circuit Court marked for identification Exhibit D, the Scroggins'

_____

[2] Pursuant to HRE Rule 607, "[t]he credibility of a witness may be attacked by any party." HRE Rule 608(b) allows evidence of "specific instances of conduct" on cross-examination for the purpose of attacking the witness' credibility "if probative of untruthfulness." Additionally, HRE Rule 609.1 provides that the credibility of a witness may be attacked by evidence of bias, interest, or motive. HRE Rule 609.1(a). Extrinsic evidence of a witness' bias, interest, or motive is admissible only if on cross-examination "the matter is brought to the attention of the witness and the witness is afforded an opportunity to explain or deny the matter." HRE Rule 609.1(b).

Petition for Ex Parte Temporary Restraining Order (**TRO Petition**). The Circuit Court did not admit Exhibit D into evidence, but rather ruled that the Mandarin would be able to use Exhibit D for impeachment purposes, to attack Mrs. Scroggin's credibility. As allowed at the pre-trial hearing, at trial, the TRO Petition was used on the cross-examination of Mrs. Scroggin for the purpose of impeaching her statements as to the cause of her physical condition.

During Mrs. Scroggin's cross-examination Mr. Estes asked her:

> Was there anything else going on in your life that's caused you to have physical difficultly or emotional strain other than the physical symptoms that you attribute to your consumption of the chicken wings? Anything else going on that's causing you to be upset?

Mr. Estes then began questioning Mrs. Scroggin about the incidents she described in the TRO Petition that allegedly caused her distress. During cross-examination, Mr. Estes further questioned Mrs. Scroggin, asking

> Do you recall saying for the past five-and-a-half years you had been extremely anxious, you were suffering from distress and depression?

He further questioned Mrs. Scroggin about the statements made in the TRO Petition with regard to "unbearable smoke" that was coming into her apartment from her neighbors' apartment. The specific instances alleged in the TRO Petition were properly used in order to discredit Mrs. Scroggin's contention that the chicken wing incident was the sole or contributing cause to her physical and emotional distress. Because Mrs. Scroggin's health and physical condition were at issue in the trial, the cross-examination regarding the TRO Petition was proper in attacking Mrs. Scroggin's contention that the Mandarin was responsible for her health problems. The Circuit Court did not err when it allowed the cross-examination

of Mrs. Scroggin regarding the TRO Petition in order to attack her credibility with regard to the cause of her health problems. Similarly, the Mandarin's use of Exhibit E (a motion which included as an exhibit a handwritten note on the Scroggins' letterhead and describing, *inter alia*, headaches, nausea, sleeplessness, and affects on the taste of food, purportedly caused by smoke from the Scroggins' neighbor's apartment) on Mrs. Scroggin's cross-examination, which exhibit was not admitted into evidence, was properly allowed to attack her credibility regarding the cause of her health problems.

On direct examination, Mrs. Scroggin testified, "I've been going to Kahala Mandarin for many years, we've eaten over there a lot. I have never complained about it even though I've heard it was said that I did. I'm sure there are absolutely no records of any kind of sign or anything." It appears that, on cross-examination, counsel for the Mandarin followed the requirements of HRE Rule 613(b), first asking Mrs. Scroggin if she recalled making a claim for food poisoning at the Mandarin in June of 2004 after a dinner at the Plumeria Café buffet, then asking her if she denied making that claim. There was no abuse of discretion in allowing those questions. Nor was there an abuse of discretion in allowing Mrs. Scroggin to be examined about notes in a physician's report, which report was not admitted into evidence, and which stated in part:

> Patient is a 49-year-old female who claims to be ill after eating spicy wings at the Kahala Mandarin. She apparently got ill after eating something there previously and when she went for claims, she was told that she had no claim as she had not seen a physician.

The Circuit Court did not abuse its discretion in allowing questioning in cross-examination with reference to this report to challenge the credibility of the statements made by Mrs. Scroggin on direct examination.

(4) Although we conclude that it was harmless error, it appears that through Mrs. Scroggin's testimony the proper

foundation was laid for photograph 1.4, as well as photograph 1.3 (which was admitted), to satisfy the identification and authentication requirements of HRE Rule 901. Pursuant to Hawai'i Rules of Civil Procedure (**HRCP**) Rule 61, before a judgment will be set aside - in this case, the jury's verdict on the Scroggins' negligence claim - it must be shown that any error made is prejudicial. See Bank of Hawaii v. Shinn, 120 Hawai'i 1, 20, 200 P.3d 370, 389 (2008) (quoting Jensen v. Pratt, 53 Haw. 201, 202, 491 P.2d 547, 547 (1971)). Rule 61 provides that

> [n]o error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is grounds for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

An appellate court may act pursuant to HRCP Rule 61 where it is necessary to set aside a judgment in order to do "substantial justice" or to safeguard "substantial rights." Bank of Hawai'i v. Shinn, 120 Hawai'i at 20, 200 P.3d at 389.

Here, the failure to admit photograph 1.4 is not a defect that is inconsistent with substantial justice and was harmless error. Mrs. Scroggin testified as to the extent and duration of her injuries, stating that her lip was "profusely bleeding" and "[b]etween January 27th and February 11th . . . I had blood streaming from my - from my mouth." Furthermore, the only difference between photograph 1.4 and 1.3 is that photograph 1.4 shows blood dripping further down Mrs. Scroggin's chin. Any information the Scroggins attempted to convey from introducing photograph 1.4 was presented to the jury through photograph 1.3 and through her testimony. Because the substantial rights of the Scroggins were not affected, the Circuit Court's refusal to admit photograph 1.4 into evidence was harmless error and does not

9

warrant reversal.  The Circuit Court did not err in excluding the other photographs, as they were not properly authenticated.

In light of the foregoing, we affirm in part and vacate in part the Circuit Court's April 15, 2009 Amended Judgment and remand this case to the Circuit Court for a retrial, consistent with this Summary Disposition Order, of the Scroggins' strict liability claims.

DATED:  Honolulu, Hawai'i, February 21, 2013.

On the briefs:

Gary Victor Dubin
Long H. Vu
Frederick J. Arensmeyer
(Dubin Law Offices)
for Plaintiffs-Appellants

James T. Estes, Jr.
Devin L. Choy
(Burke McPheeters Bordner
  & Estes)
for Defendant-Appellee

Chief Judge

Associate Judge

Associate Judge